ELECTRONICALLY FILED - 2022 Jan 20 12:58 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF ANDERSON | TENTH JUDICIAL CIRCUIT |
| Jessica A. Jamieson and Alaina R. Williams, | CASE NO.: 2022-CP-04- _____ |
| Plaintiffs, | |
| vs. | **SUMMONS** |
| James Timothy Sikes and NGL & Erosion Control Group, LLC, | Jury Trial Demanded |
| Defendants. | |

**TO THE DEFENDANTS ABOVE NAMED**:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscribers at their office, 622 Wade Hampton Blvd., Greenville, South Carolina 29609, within thirty (30) days, after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for judgment by default for relief demanded in said Complaint.

Respectfully submitted,

s/William A. Jordan, III
William A. Jordan, III, S.C. Bar # 101271
william@jordanlawcenter.com
622 Wade Hampton Boulevard
Greenville, South Carolina 29609
(864) 235-0147
Attorney for Plaintiffs

January 20, 2022.
Greenville, South Carolina

ELECTRONICALLY FILED - 2022 Jan 20 12:58 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | TENTH JUDICIAL CIRCUIT |
| COUNTY OF ANDERSON | |
| | |
| Jessica A. Jamieson and Alaina R. Williams, | CASE NO.: 2021-CP-04-_____ |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| James Timothy Sikes and NGL & Erosion Control Group LLC, | |
| Defendants. | |

Plaintiffs, Jessica A. Jamieson, and Alaina R. Williams, bring this action against Defendants, James Timothy Sikes, and NGL & Erosion Control Group, LLC by way of Complaint, and would respectfully allege and show this Court the following:

## PARTIES AND JURISDICTION

1. Plaintiff Jessica A. Jamieson ("Jamieson") is a citizen and resident of Anderson County, State of South Carolina.

2. Plaintiff Alaina R. Williams ("Williams") is a citizen and resident of Anderson County, State of South Carolina.

3. Upon information and belief, the Defendant, James Timothy Sikes, is a citizen and resident of Barrow County, Georgia.

4. Upon information and belief, at all times relevant to the events described in this complaint, the Defendant NGL & Erosion Control Group, LLC., ("NGL") was a commercial motor carrier bearing U.S. DOT number 3340351 and authorized to transport goods or property within

ELECTRONICALLY FILED - 2022 Jan 20 12:58 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

the State of South Carolina.  At all times relevant to the events described in this Complaint, Defendant Sikes was a driver employed by NGL.

5.    This Court has personal jurisdiction and venue over the parties named and subject matter in this lawsuit pursuant to the South Carolina Rules of Civil Procedure, the South Carolina Constitution, and the South Carolina Code.

**FACTUAL ALLEGATIONS**

6.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth and further allege as follows:

7.    The wreck that is the subject of this Complaint occurred in Anderson County South Carolina on July 15, 2021.

8.    On July 15, 2021, Plaintiffs were travelling west on SC Hwy 24 around 11:00 p.m. EST.  Jamieson was driving and Williams was a front-seat passenger.

9.    The Defendant Sikes was operating a commercial motor vehicle with a trailer and had improperly parked that vehicle in the west bound lane of SC Hwy 24.

10.    Defendant Sikes left his commercial vehicle illegally parked in the westbound lane of SC Hwy 24 without proper warning as required as by law.

11.    Plaintiffs' vehicle approached the Defendants' vehicle, but Plaintiffs were unable to see the Defendants' vehicle because it was illegally parked in a lane of travel and proper warnings had not been set out.  For these reasons, and for no fault of their own, Plaintiffs' vehicle struck the back of the Defendants' trailer, went airborne, rolled several times, and the Plaintiffs were seriously injured.

ELECTRONICALLY FILED - 2022 Jan 20 12:58 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

**CLAIMS FOR RELIEF**
**COUNT I**
**SIKE'S NEGLIGENCE**

12.     Plaintiffs incorporate by reference all other paragraphs of this complaint as if fully set forth and further allege as follows:

13.     Upon information and belief, at all times relevant to this Complaint, Defendant Sikes was operating a commercial motor vehicle and transporting goods or property within the State of South Carolina.

14.     In order to undertake such actions, the Defendant Sikes must have the knowledge and skills necessary for the safe operation of a commercial motor vehicle.

15.     The safe operation of commercial motor vehicles requires specialized knowledge and additional training, not necessary for the safe operation of passenger vehicles. The Federal Motor Carrier Safety Administration (FMCSA) has specific regulations concerning the proper precautions that commercial vehicle drivers are to take when their commercial vehicle is stopped on a public roadway for any reason.

16.     Title 49 Section 392.22 of the FMCSA that pertains directly to this matter reads as follows:

**§3922.22 Emergency signals; stopped commercial vehicles.**

(a)  Hazard warning signal flashers. Whenever a commercial motor vehicle is stopped upon the travelled portion of a highway or the shoulder of a highway for any cause other than necessary traffic stops, the driver of the stopped commercial motor vehicle shall immediately activate the vehicular hazard warning signal flashers and continue the flashing until the driver places the warning devices required by paragraph (b) of this section. The flashing signals shall be used during the time the warning devices are picked

ELECTRONICALLY FILED - 2022 Jan 20 12:58 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

up for storage before movement of the commercial motor vehicle. The flashing lights may be used at other times while a commercial motor vehicle is stopped in addition to, but not in lieu of, the warning devices required by paragraph (b) of this section.

(b) Placement of warning devices –

   (1) General rule.  Except as provided in paragraph (b)(2) of this section, whenever a commercial vehicle is stopped upon the travelled portion or the shoulder of a highway for any cause other than necessary traffic stops, the driver shall, as soon as possible, but in any event within 10 minutes, place the warning devices required by §393.95 of this subchapter, in the following manner:

   (i) One on the traffic side of and 4 paces (approximately 3 meters or 10 feet) from the stopped commercial motor vehicle in the direction of approaching traffic;

   (ii) One at 40 paces (approximately 30 meters or 100 feet) from the stopped commercial motor vehicle in the direction of approaching traffic; and

   (iii) One at 40 paces (approximately 30 meters or 100 feet) from the stopped commercial motor vehicle in the center of the traffic lane or shoulder occupied by the commercial motor vehicle in the direction away from approaching traffic.

   (2)  Special rules –

   (i)  Fusees and liquid-burning flares. The driver of a commercial motor vehicle equipped with only or liquid-burning flares shall place a lighted fusee or liquid-burning flare at each of the locations specified in paragraph (b)(1) of this section. There shall be at least one lighted fusee or liquid-burning flare at each of the prescribed locations, as long as the commercial motor vehicle is stopped. Before the stopped commercial motor carrier is moved, the driver shall extinguish and remove each fusee or liquid-burning flare.

   (iii) Business or residential districts. The placement of warning devices is not required within the business or residential district of a municipality, except during the time lighted lamps are required and when street or highway lighting is insufficient to make a commercial motor vehicle clearly discernable at a distance of 500 feet to persons on the highway.

17.      Title 49 Section 393.95 of the FMCSA that pertain directly to this matter reads as

         follows:

ELECTRONICALLY FILED - 2022 Jan 20 12:58 PM - ANDERSON - COMMON PLEAS - CASE#2022CP040001 01

**§393.95 Emergency equipment on all power units.**

(f)  Warning devices for stopped vehicles. Except as provided in paragraph (g) of this section, one of the following options must be used:

(1)  Three bidirectional emergency reflective triangles that conform to the requirements of Federal Motor Vehicle Safety Standard No. 125 §571.125 of this title, or

(2) At least 6 fusees or 3 liquid-burning flares. The vehicle must have as many additional fusees or liquid-burning flares as are necessary to satisfy the requirements of §392.22.

(3) Other warning devices may be used in addition to, but not in lieu of, the required warning devices, provided those warning devices do not decrease the effectiveness of the required warning devices.

18.    The injuries and damages incurred by the Plaintiffs were directly and proximately caused by the Defendant Sike's careless, negligent, grossly negligent, willful, wanton, reckless, and/or unlawful acts in one or more of the following particulars:

a.  In failing to follow State and Federal regulations with regard to a commercial motor vehicle stopped on a travelled portion or the shoulder of a highway; and,

b.  In failing to follow State and Federal regulations with regard to using and placing emergency warning devices as require by law when a commercial motor vehicle is stopped on a travelled portion or shoulder of a highway; and,

c.  In failing to follow State and Federal regulations in using and placing emergency warning devices for a stopped commercial vehicle on a travelled portion or shoulder of a highway in a business or residential district during the time when lighted lamps are required and when street or highway lighting is

ELECTRONICALLY FILED - 2022 Jan 20 12:58 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

insufficient to make a commercial motor vehicle clearly discernable at a distance of 500 feet to persons on the highway; and,

d.  In other such particulars to be shown at trial.

19. The Defendant Sikes's careless, negligent, willful, wanton, reckless and/or unlawful acts were the direct and proximate cause of the collision and the injuries and damages suffered by Plaintiff.

20.  Plaintiffs are informed and believe that they are entitled to judgment against the Defendant Sikes for actual and punitive damages.

21.  Plaintiffs' damages include, but are not limited to, both past and future:

a.  Doctor, hospital, medical, medication, nursing, and related medical bills;
b.  Pain, suffering, and mental anguish; and
c.  Loss of enjoyment of life.

**COUNT II**
**NGL & EROSION CONTROL GROUP, LLC's NEGLIGENCE**

22.  Plaintiffs incorporate by reference all other paragraphs of this complaint as if fully set forth and further allege as follows:

23.  Upon information and belief, Defendant NGL & Erosion Control Group, LLC, operates or operated as, in part or whole, as a commercial motor carrier.

24.  In return for the privilege to operate commercial motor vehicles on the public roadways, prospective motor carriers must make certain safety related certifications and verifications.

25.  Motor carriers such as Defendant NGL & Erosion Control Group, LLC, are required to

ELECTRONICALLY FILED - 2022 Jan 20 12:58 PM - ANDERSON - COMMON PLEAS - CASE#2022CP040010\1

submit a Form MCS-150 to the Federal Motor Carrier Administration and obtain a U.S. DOT number.

26.     Each Form MCS-150 NGL & Erosion Control Group, LLC submitted or will submit contains a Certification Statement whereby NGL & Erosion Control Group, LLC declares under the penalty of perjury that it is familiar with the Federal Motor Carrier Safety Regulations regarding commercial motor vehicles.

27.     Motor carriers such as Defendant NGL & Erosion Control Group, LLC, are required to submit a Form OP-1 to the Federal Motor Carrier Administration to gain operating authority.

28.     Each Form OP-1 submitted by Defendant NGL & Erosion Control Group, LLC, contains a "Safety Certification," certifying to the Federal Motor Carrier Safety Administration that it is subject to the pertinent portions of the U.S. DOT Federal Motor Carrier Safety Regulations ("FMCSR") at 49 CFR, Chapter 3, Subchapter B, Parts 392-393.

29.     Each Form OP-1 submitted by Defendant NGL & Erosion Control Group, LLC, contains a "Safety Certification," certifying to the Federal Motor Carrier Safety Administration that they have access to and are familiar with all applicable U.S. DOT regulations relating to the safe operation of commercial vehicles and that they will comply with the regulations.

30.     Each Form OP-1 submitted by Defendant contains NGL & Erosion Control Group, LLC, a "Safety Certification," certifying to the Federal Motor Carrier Safety Administration that, at a minimum, they:

     a.  Have in place a system and an individual responsible for ensuring overall compliance with the FMCSR; and

     b.  Can produce a copy of the FMCSR; and

     c.  Have in place a driver safety training/orientation program; and

ELECTRONICALLY FILED - 2022 Jan 20 12:58 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

d.  Are familiar with DOT regulations governing driver qualifications and have in place a system for overseeing driver qualification requirements (49 CFR Part 391); and,

e.  Have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles.

31.  To be qualified to operate a commercial motor vehicle, a driver must have experience and/or training to safely operate the type of vehicle; must be physically qualified; must have a currently valid CDL and must furnish the motor carrier a list of current driving violations.

32.  To operate a commercial motor vehicle under NGL & Erosion Control Group, LLC, operating authority, the prospective driver is required to complete a written application containing the following information:

f.  The nature and extent of the driver's experience; and

g.  A list of all accidents in the previous three (3) years; and

h.  A list of all violations of motor vehicle laws in the previous three (3) years; and

i.  A detailed description of any denial, revocation, or suspension of any driver's licenses or permits; and

j.  Employment information for the previous three (3) years; and

k.  The names of all employers for whom the driver has operated a commercial motor vehicle for the previous seven (7) years.

33.  Before a motor carrier such as Defendant NGL & Erosion Control Group, LLC, may allow or permit a driver to operate a commercial motor vehicle under its operating authority, the motor carrier must:

l.  Obtain the driver's motor vehicle record from the applicable state agency for the previous three (3) years; and

m.  Investigate the driver's safety performance history with all DOT-regulated employers for the previous three (3) years.

ELECTRONICALLY FILED - 2022 Jan 20 12:58 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

34. Once a motor carrier such as Defendant NGL & Erosion Control Group, LLC, hires a commercial driver, every twelve (12) months thereafter the driver must submit a written list of all traffic violations the driver received in those twelve (12) months.

35. Once a motor carrier such as Defendant NGL & Erosion Control Group, LLC, hires a commercial driver, every twelve months thereafter the motor carrier must obtain from the relevant state agency a list of traffic violations for the previous year and maintain a copy of the record in the driver's qualification file.

36. Motor carriers such as NGL & Erosion Control Group, LLC, are required to maintain a Driver Qualification File meeting the requirements of 49 CFR § 391.51 for the duration of the driver's employment with the motor carrier plus three (3) years.

37. It is standard in the industry for careful motor carriers to use the information contained in the required daily driver logs, vehicle inspection reports, and other supporting documents to audit the safety performance of their drivers.

38. Motor carriers should never allow or permit a driver to operate its commercial motor vehicles if the driver is not qualified to do so.

39. Motor carriers should never allow or permit a driver to operate its commercial motor vehicles if the driver does not have the required knowledge or skill to operate the vehicle safely.

40. It is standard in the industry for careful motor carriers to regularly check Safety Measurement System details.

41. The FMCSA's Safety Measurement System (SMS) provides an assessment of a motor carrier's on-road performance results within seven (7) safety related categories. Motor carriers are scored on a percentile basis as compared to other similar carriers.

ELECTRONICALLY FILED - 2022 Jan 20 12:58 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

42. The injuries and damages incurred by the Plaintiffs were directly and proximately caused by the Defendant NGL & Erosion Control Group, LLC's careless, negligent, grossly negligent, willful, wanton, reckless, and/or unlawful acts in one or more of the following particulars by failing to use reasonable care by:

　(a) Ensuring their employees/drivers know the laws concerning parking or stopping a commercial motor vehicle on a roadway; and

　(b) Ensuring their employees/drivers know the proper procedures in the event of a stopped commercial motor vehicle on a roadway; and

　(c) Ensuring their employees/drivers are supplied with and know the proper use of the warning devices as required by law in order to prevent a collision.

43. The Defendant NGL & Erosion Control Group LLC's careless, negligent, willful, wanton, reckless, and/or unlawful acts were the direct and proximate cause of the collision and the injuries and damages suffered by the Plaintiff.

44. Plaintiffs are informed and believe that they are entitled to judgment against the Defendant NGL & Erosion Control Group, LLC for actual and punitive damages.


**COUNT III**
**VICARIOUS LIABILITY, MASTER-SERVANT, AND/OR AGENCY**
**AS TO NGC & EROCION CONTROL GROUP, LLC**

45. Plaintiffs incorporate by reference all other paragraphs of this complaint as if fully set forth and further allege as follows:

46. At all times relevant to the allegations contained in this Complaint, the Defendant Sikes was working in the course and scope of his employment for the Defendant NGL & Erosion

ELECTRONICALLY FILED - 2022 Jan 20 12:58 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

Control Group, LLC, was otherwise acting as an agent or servant of the Defendant NGL & Erosion

Control Group, LLC, and/or was operating a commercial motor vehicle under NGL & Erosion

Control  Group LLC's operating authority.

47.    The Defendants NGL & Erosion Control Group, LLC, are liable for the acts and

omissions

of the Defendant Sikes under the doctrines of *respondeat superior*, master-servant, and/or agent-

principal.

48.  The Plaintiffs are informed and believe that they are entitled to judgment against the

Defendants BGL & Erosion Control Group LLC for actual and punitive damages.

## <u>CONCLUSION</u>

WHEREFORE, Plaintiffs pray for relief as follows:

a.   For general and compensatory damages including, but not limited to, pain and

suffering, mental anguish, and emotional distress; and

b. Medical and incidental expenses according to proof; and

c. Consequential damages; and

d. Punitive and exemplary damages; and,

e. Such further relief as this Court deems necessary, just, and proper.


A TRIAL BY JURY IS HEREBY DEMANDED.

ELECTRONICALLY FILED - 2022 Jan 20 12:58 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

JORDAN LAW CENTER

s/William A. Jordan, III
William A. Jordan, III, S.C. Bar #101271
william@jordanlawcenter.com
622 Wade Hampton Boulevard
Greenville, South Carolina 29609
(864) 235-0147
Attorney for Plaintiffs

Date: January 20, 2022
Greenville, South Carolina

ELECTRONICALLY FILED - 2022 Mar 03 2:28 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

STATE OF SOUTH CAROLINA

COUNTY OF ANDERSON

Jessica A. Jamieson and Alaina R. Williams,

      Plaintiff(s),

vs.

James Timothy Sikes and NGL & Erosion Control Group, LLC,

      Defendants.

IN THE COURT OF COMMON PLEAS
TENTH JUDICIAL CIRCUIT

CASE NO.: 2022-CP-04-00101

ACCEPTANCE OF SERVICE

---

I hereby accept service of the *Summons & Complaint* and *Plaintiffs' First Set of Interrogatories and Requests for Production,* on behalf of Defendant James Timothy Sikes and Defendant NGL & Erosion Control Group, LLC., on this the 16th day of February , 2022.

 

Jessica Stratta
Christopher Murphy
Resnick & Louis, PC
146 Fairchild St., Suite 130
Charleston, SC 29492
Attorney for Defendant

Charleston, South Carolina

ELECTRONICALLY FILED - 2022 Apr 05 3:12 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS FOR THE TENTH JUDICIAL CIRCUIT |
| COUNTY OF ANDERSON | Civil Action No. 2022-CP-04-00101 |
| JESSICA A. JAMIESON AND ALAINA R. WILLIAMS, | **DEFENDANTS JAMES TIMOTHY SIKES AND AMJ CONTRACTING LLC D/B/A AS NGL & EROSION CONTROL GROUP, LLC ANSWER TO PLAINTIFFS' COMPLAINT** |
| Plaintiffs, | |
| vs. | |
| JAMES TIMOTHY SIKES AND NGL & EROSION CONTROL GROUP, LLC, | |
| Defendants. | |

**TO:    WILLIAM A. JORDAN, III, ESQ., ATTORNEY FOR PLAINTIFFS:**

<u>**ANSWER**</u>

Defendants James Timothy Sikes and AMJ Contracting LLC d/b/a as NGL & Erosion Control Group, LLC, incorrectly identified as NGL & Erosion Control Group, LLC, (hereinafter collectively "Defendants") by and through the undersigned counsel, hereby answers the Plaintiffs' Complaint and asserts the following:

Each and every allegation not expressly admitted is denied.

<u>**FOR A FIRST DEFENSE**</u>

1.      Upon information and belief, Defendants admit the allegations in Paragraph 1 of the Complaint.

2.      Upon information and belief, Defendants admit the allegations in Paragraph 2 of the Complaint.

3.      Upon information and belief, Defendants admit the allegations in Paragraph 3 of the Complaint.

4.      In response to the allegations contained in Paragraph 4 of Plaintiffs' Complaint, Defendant AMJ Contracting LLC d/b/a as NGL & Erosion Control Group, LLC admits only that

ELECTRONICALLY FILED - 2022 Apr 05 3:12 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

it operates as commercial motor truck bearing USDOT Number 3340351. Defendant AMJ Contracting LLC d/b/a as NGL & Erosion Control Group LLC is a private landscaping company. Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.      Defendants deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint as stated and demand strict proof thereof.

## AS TO THE FACTUAL ALLEGATIONS

6.      In response to the allegations contained in Paragraph 6 of Plaintiffs' Complaint, Defendants reassert and reallege the responses to Paragraphs 1 through 5 as if fully set forth herein verbatim.

7.      The allegations contained in Paragraph 7 of Plaintiffs' Complaint set forth factual conclusions to which no response is required. To the extent, a response is required, Defendants only admit that an accident occurred but deny remaining allegations of the paragraph.

8.      The allegations contained in Paragraph 8 of Plaintiffs' Complaint set forth factual conclusions to which no response is required. To the extent, a response is required, Defendants do not possess enough information to admit or deny the allegations of this paragraph and thus deny the same.

9.      Upon information and belief, Defendants admit the they were driving a vehicle with a trailer but deny the remaining allegations contained in Paragraph 9.

10.      Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint as stated and demand strict proof thereof.

11.      Defendants deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint as stated and demand strict proof thereof.

## AS TO THE FIRST CAUSE OF ACTION
### (Sike's Negligence)

ELECTRONICALLY FILED - 2022 Apr 05 3:12 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

12.    In response to the allegations contained in Paragraph 12 of Plaintiffs' Complaint, Defendants reassert and reallege the responses to Paragraphs 1 through 11 as if fully set forth herein verbatim.

13.    In answering the allegations contained in Paragraph 13 of Plaintiffs' Complaint, Defendants only admit Sikes was operating a commercial vehicle in South Carolina. Defendants deny the remaining allegations of Paragraph 13 and demand strict proof thereof.

14.    Upon information and belief, Defendants admit the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.    Upon information and belief, Defendants admit the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.    The allegations contained in Paragraph 16 refer to a legal document, the terms of which speak for themselves, and Defendants craves strict reference thereto. To the extent an additional response is required, Defendants deny the allegations in Paragraph 16 of Plaintiffs' Complaint and demands strict proof thereof.

17.    The allegations contained in Paragraph 17 refer to a legal document, the terms of which speak for themselves, and Defendants craves strict reference thereto. To the extent an additional response is required, Defendants deny the allegations in Paragraph 17 of Plaintiffs' Complaint and demands strict proof thereof.

18.    Defendants deny the allegations contained in Paragraph 18 and all its' subparts of Plaintiffs' Complaint as stated and demand strict proof thereof.

19.    Defendants deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint as stated and demand strict proof thereof.

20.    Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint as stated and demand strict proof thereof.

ELECTRONICALLY FILED - 2022 Apr 05 3:12 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

21.    Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Complaint and all its' subparts as stated and demand strict proof thereof.

## AS TO THE SECOND CAUSE OF ACTION
### (NGL & Erosion Control Group, LLC's Negligence)

22.    In response to the allegations contained in Paragraph 22 of Plaintiffs' Complaint, Defendants reassert and reallege the responses to Paragraphs 1 through 21 as if fully set forth herein verbatim.

23.    Defendants deny the allegations contained in Paragraph 23 of Plaintiffs' Complaint and as stated and demand strict proof thereof. Defendant AMJ Contracting LLC d/b/a as NGL & Erosion Control Group LLC is a private landscaping company that owns a commercial truck.

24.    Upon information and belief, Defendants admit the allegations contained in Paragraph 24 of the Plaintiffs' Compliant.

25.    Upon information and belief, Defendants admit the allegations contained in Paragraph 25 of the Plaintiffs' Compliant.

26.    Upon information and belief, Defendants admit the allegations contained in Paragraph 26 of the Plaintiffs' Compliant.

27.    Defendants deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint and as stated and demand strict proof thereof. Defendant AMJ Contracting LLC d/b/a as NGL & Erosion Control Group LLC is a private landscaping company, not a commercial carrier.

28.    Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint and as stated and demand strict proof thereof. Defendant AMJ Contracting LLC d/b/a as NGL & Erosion Control Group LLC is a private landscaping company, not a commercial carrier

29.    Defendants deny the allegations contained in Paragraph 29 of Plaintiffs' Complaint and as stated and demand strict proof thereof. Defendant AMJ Contracting LLC d/b/a as NGL & Erosion Control Group LLC is a private landscaping company, not a commercial carrier.

ELECTRONICALLY FILED - 2022 Apr 05 3:12 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

30.     Defendants deny the allegations contained in Paragraph 30 and all its subparts of Plaintiffs' Complaint and as stated and demand strict proof thereof. Defendant AMJ Contracting LLC d/b/a as NGL & Erosion Control Group LLC is a private landscaping company, not a commercial carrier.

31.     In answering Paragraph 31 of Plaintiffs' Complaint, Defendants only admit that to be a qualified to operate a commercial vehicle, a driver must have experience and/or training to safely operate the type of vehicle; must be physically qualified and must have a valid CDL. Defendants deny the remaining allegations contained in Paragraph 31 of Plaintiffs' complaint and demand strict proof thereof.

32.     Defendants deny the allegations contained in Paragraph 32 and all its subparts of Plaintiffs' Complaint and as stated and demand strict proof thereof. Defendant AMJ Contracting LLC d/b/a as NGL & Erosion Control Group LLC is a private landscaping company, not a commercial carrier.

33.     Defendants deny the allegations contained in Paragraph 33 and all its subparts of Plaintiffs' Complaint and as stated and demand strict proof thereof. Defendant AMJ Contracting LLC d/b/a as NGL & Erosion Control Group LLC is a private landscaping company, not a commercial carrier.

34.     Defendants deny the allegations contained in Paragraph 34 of Plaintiffs' Complaint and as stated and demand strict proof thereof. Defendant AMJ Contracting LLC d/b/a as NGL & Erosion Control Group LLC is a private landscaping company, not a commercial carrier.

35.     Defendants deny the allegations contained in Paragraph 35 and all its subparts of Plaintiffs' Complaint and as stated and demand strict proof thereof. Defendant AMJ Contracting LLC d/b/a as NGL & Erosion Control Group LLC is a private landscaping company, not a commercial carrier.

ELECTRONICALLY FILED - 2022 Apr 05 3:12 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

36.     Defendants deny the allegations contained in Paragraph 36 and all its subparts of Plaintiffs' Complaint and as stated and demand strict proof thereof. Defendant AMJ Contracting LLC d/b/a as NGL & Erosion Control Group LLC is a private landscaping company, not a commercial carrier.

37.     Defendant is without information sufficient to form a belief as to the truthfulness or falsity of the allegations contained in Paragraph 37 of Plaintiffs' Complaint and therefore denies the same.

38.     Upon information and belief, Defendants admit the allegations contained in Paragraph 38 of the Plaintiffs' Compliant.

39.     Upon information and belief, Defendants admit the allegations contained in Paragraph 39 of the Plaintiffs' Compliant.

40.     Upon information and belief, Defendants admit the allegations contained in Paragraph 40 of the Plaintiffs' Compliant.

41.     Upon information and belief, Defendants admit the allegations contained in Paragraph 41 of the Plaintiffs' Compliant.

42.     Defendants deny the allegations contained in Paragraph 42 and all its subparts of Plaintiffs' Complaint as stated and demand strict proof thereof.

43.     Defendants deny the allegations contained in Paragraph 43 and all its subparts of Plaintiffs' Complaint as stated and demand strict proof thereof.

44.     Defendants deny the allegations contained in Paragraph 44 and all its subparts of Plaintiffs' Complaint as stated and demand strict proof thereof.

## AS TO THE THIRD CAUSE OF ACTION
**(Vicarious Liability, Master-Servant, and/or Agency as to NGC & Erosion Control Group LLC)**

ELECTRONICALLY FILED - 2022 Apr 05 3:12 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

45.     In response to the allegations contained in Paragraph 45 of Plaintiffs' Complaint, Defendants reassert and reallege the responses to Paragraphs 1 through 44 as if fully set forth herein verbatim.

46.     In answering the allegations contained in Paragraph 46 of Plaintiffs' Complaint, Defendants only admit Defendant sikes was hired as an independent contractor for Defendant AMJ Contracting LLC d/b/a as NGL & Erosion Control Group LLC. Defendants deny the remaining allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' Complaint and demand strict proof thereof.

48.     Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Complaint and demand strict proof thereof.

49.     Defendants lack sufficient information and knowledge to form a belief as to the truth of the Defendant denies the prayers included in WHEREFORE Paragraph of Plaintiffs' Complaint.

**FOR A SECOND DEFENSE**
**(Failure to State a Claim)**

51.     Defendants would respectfully show each and every cause of action set forth in the Complaint fails to state a claim upon which relief can be granted and therefore, the Complaint should be dismissed.

**FOR A THIRD DEFENSE**
**(Proximate Cause)**

52.     Defendants would respectfully show that even if it were negligent, which is specifically denied, the negligence of Defendants is not the direct or proximate cause of any injuries or damages alleged by Plaintiffs and, therefore, Defendants are not liable for any injuries or damages allegedly sustained by Plaintiffs.

ELECTRONICALLY FILED - 2022 Apr 05 3:12 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

## FOR A FOURTH DEFENSE
### (Contributory Negligence)

53.    Defendants would respectfully show that to the extent shown by the evidence, the negligence of Plaintiffs were a contributing or sole proximate cause of the injuries alleged in Plaintiffs' Complaint.

## FOR A FIFTH DEFENSE
### (Intervening/Superseding Negligence)

54.    Defendants would respectfully show that any alleged injury the Plaintiffs sustained may have been due to and proximately caused by the sole and intervening negligence, recklessness, willfulness and/or wantonness of some persons or entities other than Defendants, which occurred subsequent to any acts or omissions by Defendants, if any (which is expressly denied), and therefore, the sole and intervening acts of third-parties may be the real and proximate causes of any alleged injuries to the Plaintiffs, and therefore, the Plaintiffs may not recover from Defendants.

## FOR A SIXTH DEFENSE
### (Comparative Negligence)

55.    Defendants would respectfully show, upon information and belief, that any injuries or damages sustained by Plaintiffs were due to Plaintiffs' own negligent, careless, reckless and/or grossly negligent acts or omissions, which combined and concurred with any negligence, carelessness, recklessness and gross negligence on the part of Defendants, which are specifically denied, to produce such injuries or damages, if any, and without which such injuries or damages would not have occurred.  Such negligent, careless, reckless and/or grossly negligent acts or omissions on the part of Plaintiffs were the direct and proximate cause of any injuries or damages sustained by Plaintiffs, and Defendants plead such negligence, carelessness, recklessness and gross negligence on the part of Plaintiffs and would ask that this court compare the negligence or other conduct of Plaintiffs and Defendants and if it is determined that Plaintiffs' negligence,

ELECTRONICALLY FILED - 2022 Apr 05 3:12 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

carelessness, recklessness and gross negligence were greater than the negligence, carelessness, recklessness and gross negligence of Defendants, which is specifically denied, then Plaintiffs should be totally barred from recovery and if it is determined that Plaintiffs' negligence, carelessness, recklessness and gross negligence is equal to or less than the negligence of Defendants, then the amount of recovery available to Plaintiffs should be reduced by the percentage of Plaintiffs' own negligence, carelessness, recklessness and gross negligence.

**FOR A SEVENTH DEFENSE**
**(Negligence of Others)**

56.     Defendants would respectfully show that to the extent shown by the evidence, some or all of Plaintiffs' claims are or may be the result of acts and/or omissions of other parties or third-parties for whose conduct Defendants are not responsible, and Plaintiffs' recovery, if any, should be barred or reduced as provided by law.

**FOR AN EIGHTH DEFENSE**
**(Limitation on Non-Economic Damages)**

57.     Defendants would respectfully show that the non-economic damages claimed by Plaintiffs are limited in amount under South Carolina law.

**FOR A NINTH DEFENSE**
**(Waiver, Laches, Estoppel)**

58.     Defendants would respectfully show that some or all of the Plaintiffs' claims are or may be barred by the doctrines of waiver, laches and estoppel.

**FOR A TENTH DEFENSE**
**(Adherence to Standard of Care)**

59.     Defendants would respectfully show that Defendants exercised that degree of skill and care required of them by law at all times relevant to the matters complained of in the Plaintiffs' Complaint.

**FOR AN ELEVENTH DEFENSE**

ELECTRONICALLY FILED - 2022 Apr 05 3:12 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

**(Sudden Emergency Doctrine)**

60.     Defendants would respectfully show that the sudden emergency doctrine precludes the Plaintiffs' claims because the Defendants made every reasonable effort under the circumstances to avoid the accident, which took place under emergent conditions.

## FOR A TWELFTH DEFENSE
**(Punitive Damages Unconstitutional)**

61.     An award of punitive damages under South Carolina law violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I § 3 of the South Carolina Constitution in that:

a.  The judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice, or caprice is inconsistent with due process guarantee;

b.  Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

c.  Any award of punitive damages based upon the wealth of Defendants violates due process guarantees;

d.  The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

e.  Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness; and

f.  Plaintiffs' claim for punitive damages violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Article I, § 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of Defendants.

ELECTRONICALLY FILED - 2022 Apr 05 3:12 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101

g. Plaintiffs' claims for punitive damages violate the federal doctrine of separation of powers and Article I, § 3 of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government, which invades the province of the legislative branch of government.

### FOR A THIRTEENTH DEFENSE
### (Contribution)

62. Defendants would respectfully show that another party may be liable, in full or in part, for any damages suffered by Plaintiffs.

### FOR A FOURTEENTH DEFENSE
### (Failure to Join a Necessary Party)

63. The Plaintiffs may have failed to join a party(ies) necessary to this litigation as required by Rule 19, SCRCP, and the Complaint should be dismissed pursuant to Rule 12(b)(7), SCRCP.

### FOR A FIFTEENTH DEFENSE
### (Limitation on Punitive Damages)

64. To the extent Plaintiffs seeks punitive damages, Defendants would show that any award of punitive damages is subject to the limitations set forth in South Carolina Code §15-32-530.

### FOR A SIXTEENTH DEFENSE
### (Further Affirmative Defense)

65. Defendants have not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the circumstances of the Plaintiffs' allegations. Defendants intend to act as best it can to inform itself of the pertinent facts and prevailing circumstances surrounding any reported injury or damage to the Plaintiffs as alleged in the Complaint and gives notice of its intent to assert any further affirmative defense that its

information-gathering process may indicate is supported by fact and law. Defendants thus reserve the right to amend this Answer and assert such defenses.

WHEREFORE, having fully answered the allegations contained in Plaintiffs' Complaint, Defendants demand a trial by jury as to all appropriate issues, and prays Plaintiffs' Complaint be dismissed, with prejudice, for all costs of the action to be cast upon Plaintiffs, and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,
**RESNICK & LOUIS, P.C.**

s/*Christopher L. Murphy*
Christopher L. Murphy, Esq.
Jessica W. Stratta, Esq.
146 Fairchild Street, Suite 130
Charleston, South Carolina 29492
843-800-1187
cmurphy@rlattorneys.com
jstratta@rlattorneys.com

*Attorneys for James Timothy Sikes and AMJ Contracting LLC d/b/a NGL & Erosion Control Group, LLC*

April 5, 2022
Charleston, South Carolina

ELECTRONICALLY FILED - 2022 Apr 05 3:12 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400101